UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATE CROWLEY,<br><br>    Plaintiff,<br><br>        v.<br><br>JANET A. NAPOLITANO,<br>Secretary, U.S. Dep't of Homeland<br>Security,<br><br>    Defendant. | Civil Action No.  12-976 (JEB) |

MEMORANDUM OPINION

Plaintiff Kate Crowley is employed as a Special Agent for the United States Secret Service.  Since April 2010, she has been assigned to a protective detail in New York.  Believing that she was given worse travel and overtime assignments than men in the detail – and then was retaliated against when she complained – Crowley filed this suit alleging employment discrimination in violation of Title VII.  In now moving to dismiss or, in the alternative, transfer the venue of Plaintiff's Complaint, Defendant correctly argues that the case does not belong in the District of Columbia.  The Court will thus grant Defendant's Motion and transfer the matter to the Southern District of New York.

I.    Background

According to Plaintiff's Complaint, which the Court must presume true for purposes of this Motion, Crowley works on a USSS protection detail for a former national leader.  See Am. Compl., ¶¶ 1-2. Her detail is based in the New York City area, but also requires travel with the protectee.  See id., ¶¶ 3-4.  Travel assignments carry higher compensation as a result of overtime,

1

*per diem*, and danger pay.  See id., ¶ 6.  At some point, Plaintiff noticed a "distinct disparity" between travel assignments given to her male colleagues and those given to her.  See id., ¶ 5.  In addition, between February and May 2010, Plaintiff was scheduled for 44 hours of overtime, half the time assigned to similarly situated male colleagues.  Id., ¶ 27.  When Crowley raised this disparity with her supervisors at USSS, she was "assigned to a punishing overtime and weekend schedule and received a threat at her home."  Id., ¶ 7.  Plaintiff also alleges that she has been regularly singled out and mocked by her colleagues.  See id., ¶¶ 33-36, 44-45, 50, 52.

Believing she was treated unfairly because of her sex, Plaintiff contacted the Equal Employment Opportunity Commission in September 2010.  Id., ¶¶ 16-17.  On December 16, 2010, Plaintiff filed a formal complaint of discrimination against USSS, and she received a right-to-sue letter from the EEOC on October 26, 2012.  Id., ¶¶ 18-19.  She then brought this action against USSS alleging employment discrimination and retaliation for protected EEO activity in violation of Title VII of the Civil Rights Act of 1964.  Id., ¶¶ 69-72.  Defendant has now moved for dismissal or transfer of venue.

**II.     Legal Standard**

When presented with a motion to dismiss or transfer for improper venue under Fed. R. Civ. P. 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing Darby v. Dep't of Energy, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002)).  The Court need not, however, accept the plaintiff's legal conclusions as true, Darby, 231 F. Supp. 2d at 277, and may consider material outside of the pleadings.  See Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3826 (2d ed. 1986 & Supp. 2006) ("[W]hen an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue."). To prevail on a motion to dismiss for improper venue, however, "the defendant must present facts that will defeat the plaintiff's assertion of venue." Khalil v. L-3 Commc'ns Titan Grp., 656 F. Supp. 2d 134, 135 (D.D.C. 2009). "Unless there are "pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." Williams v. GEICO Corp., No. 10-1420, 2011 WL 2441306, at *2 (D.D.C. June 20, 2011).

### III.    Analysis

Venue in Title VII cases is governed by statute. Such an action may be properly brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." 42 U.S.C. § 2000e-5(f)(3). "[I]f the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." Id.

Plaintiff argues generally that venue is proper here because the administration of her detail was divided between New York and D.C., where the Agency's Office of Protective Operations (OPO) is located. See Opp. at 1-3. In so arguing, Crowley correctly notes that venue should be determined by a "'commonsense appraisal.'" See Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983) (quoting Lamont v. Haig, 590 F.2d 1124, 1134 (D.C. Cir. 1978)).

3

The clear result of this appraisal, however, is that Plaintiff's claim should be transferred to the Southern District of New York.

In citing the three subsections of the venue statute, Plaintiff makes no claim that subsection (3) applies; instead, the Court must focus on (1) and (2). As to the first, Plaintiff's Complaint itself alleges that the unlawful employment practices occurred in New York: "This detail was located in the New York City area." Am. Compl., ¶ 3; see also id., ¶ 14 ("Since April 2010 and continuing to the present, Ms. Crowley has sustained disparate treatment from the US Secret Service regarding the disparate assignment of overtime and travel assignments while she was assigned to a protective detail in the New York area."). It is true that she alleges that her travel was split between New York and D.C., and that "the policies surrounding the detail are issued from United States Secret Service headquarters in Washington, D.C." Id., ¶¶ 66-67. But she acknowledges that the "daily operations of that detail are based in the New York City area." Id., ¶ 67. Although Plaintiff's work may have taken her to Washington, the actual unlawful employment practices – *i.e.*, the creation and approval of the discriminatory schedules – occurred at the detail headquarters in Chappaqua, New York. See Mot., Exh. 1 (Declaration of Kenneth T. Jenkins, Jr.), ¶¶ 7-8 (weekly work schedules for Plaintiff's details "are created, edited, and approved" in New York, not Washington); see also Mot., Exh. 2 (Declaration of Willie S. Dinkins II), ¶¶ 8-11, 16, 18. Similarly, while policies and permanent detail decisions may be made in D.C., this suit complains of discrete discriminatory actions taken against Plaintiff, not of any discriminatory policies set by USSS. See Am. Compl., ¶¶ 67-68. Finally, Plaintiff's complaints of abuse and threats also occurred in New York. See id., ¶¶ 33-36, 44-45, 48, 50, 52. The first subsection of the venue statute, therefore, does not authorize suit here.

Plaintiff similarly fails to satisfy her burden to show that the second subsection of the venue statute – involving the location of employment records – authorizes suit in the District of Columbia. Congress "explicitly limited venue under the second prong to the one judicial district in which the complete set of relevant employment records is located." James v. Verizon Servs. Corp, 639 F. Supp. 2d 9, 13 (D.D.C. 2009) (citing 42 U.S.C. § 2000e-5(f)(3)); see also Washington v. Gen. Elec. Corp., 686 F. Supp. 361, 363 (D.D.C. 1998) ("Congress intended venue to lie . . . in the one judicial district in which the complete, 'master' set of employment records is 'maintained and administered.'"). Defendant has submitted a sworn declaration that the records relevant to Plaintiff's allegations are located in New York, at the detail headquarters, and not in Washington. See Jenkins Decl., ¶ 19; see also Dinkins Decl., ¶ 19. These records are past work schedules and documents used in the creation of those schedules, not general policy documents. See Jenkins Decl., ¶ 14 ("Information concerning the creation of the work schedules, including requests for time off, assignments to particular trips, and requests for overtime, would be received by the former presidents' detail supervisors and would not be forwarded to or otherwise maintained by the OPO."). Plaintiff offers no facts to rebut these assertions, instead requesting limited fact discovery regarding the location of documents. See Opp. at 4. The Court finds that given the unequivocal facts set forth in Defendant's declarations, such discovery would be fruitless.

Finding that Plaintiff cannot avail herself of any of the subsections authorizing venue, the Court must determine whether venue is nonetheless proper under the statute's catchall provision. This provision, which concerns the respondent's principal office, only applies if Defendant cannot be found in New York, which is not the case here. Venue, therefore, does not lie in the District of Columbia.

When venue is improper, the Court must dismiss the claim or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal." Ellis-Smith v. Sec'y of Army, 793 F. Supp. 2d 173, 177 (D.D.C. 2011) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962)). This is what the Court will do here. In this case, the only jurisdiction in which Plaintiff's claim could have been brought is the Southern District of New York, and that is where the case shall be transferred.

### IV.     Conclusion

For the reasons articulated herein, the Court will issue a contemporaneous order granting Defendant's Motion and transferring the case to Southern District of New York.


/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  February 27, 2013